IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CIVIL ACTION NOS. |
|   ANGELO BERNARD BANKS, | 1:23-CV-4070-JPB-CMS |
|   GDC ID 402710, | 1:23-CV-4191-JPB-CMS |
|     Plaintiff/Petitioner. | |

## **FINAL REPORT AND RECOMMENDATION**

In 1990, Angelo Bernard Banks was sentenced to serve a life term of imprisonment for malice murder plus "a 20-year consecutive sentence" for burglary. *Banks v. Georgia*, 415 S.E.2d 634, 635 & 635 n.1 (Ga. 1992). While incarcerated, Banks has been a frequent pro se litigant. *See, e.g.,* www.pacer.gov (last viewed Sept. 22, 2023; searched for "Banks, Angelo"; listing 26 federal district court cases and circuit court appeals).[1]

Earlier this year, Banks filed an original action in the United States Court of Appeals for the Eleventh Circuit, seeking "any writ necessary to compel the Georgia Supreme Court" to reconsider certain of its prior decisions. *In re Banks*, No. 23-10110, 2023 U.S. App. LEXIS 5234, at *1 (11th Cir. Mar. 3, 2023). The Honorable Kevin C. Newsom entered a single-judge order denying Banks permission to

---

[1] This list does not include the many petitions that Banks has filed in the United States Supreme Court or the many cases and appeals that Banks has filed in state court.

proceed in forma pauperis (IFP) because his petition was frivolous. *See id.* at passim. Judge Newsom observed that an action filed IFP may be dismissed pursuant to 28 U.S.C. § 1915(e)(2) at any time if it is frivolous, *see id.* at *2, and the Eleventh Circuit subsequently dismissed Banks's original action.

Banks has now repackaged the claims and arguments from the original action he filed in the Eleventh Circuit and refiled them in this Court, again seeking an extraordinary federal writ ordering the Georgia Supreme Court to reconsider certain of its prior decisions. *See* [*-4191 Case* Doc. 1].[2]

As an initial matter, it appears that the materials docketed in the *-4070 Case* and the *-4191 Case* were postmarked on the same date (September 6, 2023) and intended to be part of a single docket. That is, it appears that Banks's "Petition for Writ of Habeas Corpus Ad Testificandum" and "Motion to Compel Court Records for Review on Petition for Extraordinary Writ" [*-4070 Case* Docs. 1 & 2] were intended as filings in support of his petition for an extraordinary federal writ [*-4191*

---

[2]    More specifically, Banks contends that the Georgia Supreme Court's decisions in *Massaline v. Williams*, 554 S.E.2d 720 (Ga. 2001) (applying a mailbox rule in state habeas proceedings), and *Riley v. State*, 626 S.E.2d 116 (Ga. 2006) (declining to apply a mailbox rule in state non-habeas civil or criminal proceedings), conflict with United States Supreme Court precedent and Georgia state statutes and should be reviewed in an extraordinary federal writ proceeding. *See, e.g.*, [Doc. 1 at 4].

*Case* Doc. 1], not as independent filings.  Accordingly, I **DIRECT** the Clerk to move all filings from the *-4070 Case* to the *-4191 Case*, and I **RECOMMEND** that the Court **ADMINISTRATIVELY CLOSE** the *-4070 Case*.

For the reasons explained to Banks by the Eleventh Circuit earlier this year, his petition for an extraordinary federal writ is frivolous.  *See In re Banks*, 2023 U.S. App. LEXIS 5234, at passim.  *See also In re Albra*, No. 19-14114, 2019 U.S. App. LEXIS 36016, at *3 (11th Cir Dec. 3, 2019) (federal courts "lack the general authority under mandamus to compel a state court to act") (citing *Moye v. Clerk, DeKalb Cty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973)).  No extraordinary federal writ entitles Banks to the relief he seeks.  In sum:  His claims and arguments have no more merit now that he has refiled them in this Court than they had when he filed them in the Eleventh Circuit.

Pursuant to 28 U.S.C. § 1915(e)(2), I **DENY** Banks permission to proceed IFP, *see* [*-4191 Case* Doc. 2], because his petition for an extraordinary federal writ [*-4191 Case* Doc. 1]  is frivolous.  I **DENY** Banks's motion to compel court records, *see* [*-4070 Case* Doc. 2], when redocketed in the *-4191 Case*, as moot.  And I further **RECOMMEND** that the *-4191 Case* be **DISMISSED** and **CLOSED** as frivolous.

I **DIRECT** the Clerk to terminate the referral of these cases to me.

**SO REPORTED, RECOMMENDED, ORDERED, AND DIRECTED**, this 6th day of October 2023.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE